# PROOF OF SERVICE

(C.C.P. §§1013(a); 2015.5; 28 U.S.C. §1746)

I, __carel__, am over the age of eighteen (18) years, and I (am) (am not) a party to the within cause of action. My address is:

__P.O. Box 29__
__Represso, Ca  95671__

On, __30 June 08__, I served the following documents:

__C.A. C 08 2864 MHP__
__to wit; exhaustion Requirement // Relief__
__to wit; exclusionary Rule // Relief__

on the below named individual(s) by depositing true and correct copies thereof in the United State mail in Represa, California, with postage fully prepaid thereon, addressed as follows:

1. __U.S. District Court (N)__
   __450 Golden Gate Ave__
   __San Francisco, Ca__

   __P.O. Box 36060__

2. ____

I have read the above statements and declare under the penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed this __30__ day of __June 08__, ____, at California State Prison - Sacramento, Represa, California.

(Signature) ____

*[Handwritten at top: California State Prisoners Handbook 2006 Supplement by Heather Mackay + PLC. 2005 copyright. 3 July 08]*

The EPRD, which is the date a prisoner is expected to be released, is the key date on the LSS. An EPRD is only a predicted release date or "best guess" because the EPRD is based on the assumption that the circumstances which determine term length or credit earning status will not change. If, after the date an EPRD is computed, a prisoner's credit earning status changes, credits are lost or restored, or a new term is received, the EPRD will change.

### 4.3 How Release Dates are Computed

To determine an EPRD the CDC adds the total prison term to the date on which it received the prisoner. From that date, it deducts all jail or pre-prison credits received from the court, CDC credits earned to date, and CDC credits that could be earned in the future. The resulting date is the EPRD. An EPRD worksheet calculation is shown below. For further information refer to the sample LSS (Appendix 4-A), the example of a release date calculation (Appendix 4-B), and the sections that follow.

**EPRD WORKSHEET**

1. Term Start Date (Date Arrived in Reception Center) _____
2. Add Total Term + _____
3. Resulting Date = _____
4. Subtract Pre-Sentence Credit − _____
5. Resulting Date = _____
6. Subtract Post-Sentence/Pre-CDC Days − _____
7. Equals "Maximum Release Date" = _____
8. Subtract "Vested Credits" − _____
9. Equals "Maximum Adjusted Release Date" = _____
10. Subtract Net Credits Received in Prison (credits earned minus credits lost plus credits restored) to the present date − _____
11. Equals "Current Release Date" = _____
12. Subtract Credit That Could Be Earned (computed as shown below) − _____
13. "Earliest Possible Release Date" (EPRD) = _____

------------------------------

For step 12, calculate the credit that could be earned in future for prisoners who are eligible for CDC good behavior or participation credit by using the following steps:[3]

a. Count number of days between the present date and the Current Release Date (step 11 above) _____
b. Divide the number of days by two if currently earning one-for-one ("½ time") worktime credit OR
Divide the number of days by three if currently earning one-for-two ("⅓ time") worktime credit OR
Multiply the number of days by .20 if currently earning 20% credit OR

*[Handwritten left margin: ⅓, ¼, ⅔, ½]*

*[Handwritten: Ca Pen Code Special Circumstance Reference (Absence of Performance) 1213.5]*

---
[3] See §§ 4.9-4.10 for a discussion of the various types of credit-earning eligibility and status.

128

*[Handwritten at bottom: CCR 1062.20]*

*[Handwritten left margin vertical: Standards Guidelines Code]*

# CHAPTER 4
## DETERMINATE SENTENCES, RESTITUTION, TIME CREDITS, AND RELEASE DATES

### 4.1 Introduction

This chapter explains how release dates for prisoners with determinate sentences are calculated, and describes the laws and rules regarding determinate terms, pre-sentence credits, and CDC time credits.[1] This chapter also discusses restitution payments that may be ordered as part of a criminal sentence. Finally, this chapter explains how to raise concerns and formal legal challenges about sentences, time credits, release dates, or restitution.

To calculate a prisoner's release date, one must begin with the sentence (prison term) imposed by the trial court. In deciding the length of the sentence, a court must follow the terms of the Determinate Sentencing Law (DSL). If a prisoner is eligible to earn sentence credits for good behavior or job performance, those credits will reduce the portion of a sentence that the prisoner actually serves. Such credits include pre-sentence or pre-prison credits, awarded by the trial court for actual days in custody before sentencing and for good conduct during that time. In addition, prisoners may earn credits while serving their prison terms; these credits will be calculated by the CDC.

### 4.2 The Legal Status Summary and Earliest Possible Release Date

The Legal Status Summary (LSS) is a one- or two-page CDC computer printout that summarizes a prisoner's sentencing and time credit information. The LSS shows a prisoner's Earliest Possible Release Date (EPRD), as well as the total term, pre-sentence credits, CDC credits earned, lost, and restored, and maximum release date. A sample LSS, with an explanation of its different components, is included as Appendix 4-A. CDC must provide each prisoner with an updated LSS at six-month intervals or whenever there is any change in the prisoner's anticipated release date.[2]

---

[1] Issues regarding terms and credits for prisoners serving indeterminate sentences of life with the possibility of parole are discussed in Chapter 5.

[2] Penal Code § 2932(c); 15 CCR §§ 3043(c)(5), 3043.3(e).

127



regarding The "Regulator" The 15(a)(3) contention which is substantively arbitrary. Arbitrary enough as to Acclaim that its core, while not Assemerated under 5 U.S.C. or 37 U.S.C., is indemnified exclusively by TITLE 9 U.S.C. Arbitration v. 3 at §301 And The target "Suspect Class", such as is This Petitioner — also A Sovereign American Veteran at 42 USC §2000 [As § 2080](d) and CalSt.Const Art 756 —— Is not considered but "Screened out" of the Infamous Appeal Process (§3084.3 (4)(3) (4)(6)(d)), and the Classification Process (§3375) —— As to Retroactive issues mentioned in Section 3378 (iv)(2)(h) ["CDC 840" *** non-statutory "Gaming" associated with not only GOVERNMENT INTERESTS (Common Law Cuing) but moreover the "Loco Parentia" (Lock out - Crowd out sanctions) at Government LEVELS OF INTERESTS] —— The Conservator - Receiver matter and manner-of-collection to TITLE VII Discrimination In a Disparate Impact. G. Case 900, 911, 970.2 is typically Deferred when NOT ENBANC in the U.S. District Court's (C.C.P. §873.120 (a)(b)(c)). [id]...Constitutionalroad...

Where the CDC's Local Parentia, not an Arm-of-the-State has capitulated, via The Allegations Recently (6-30-08 attached) and reasonably "DEMURRED" to the "count" (Presence) of CCI Bailey, JC at CSP-SAC, it is nevertheless noted that The Waiver §3043.1 (See: Johnson 333 U.S. 10) has never been producible at issue in any Encounter with the Staff; As to "Where" This matter now "Resides" at distance to the "Court — section 3084.3 As to Coordination with CC II and PA II has at issue the Penalogical Interests (State) (Sell 539 US 180-183) of §2933 and 4019 which Classifies Injunctionary Relief from (over: Top Turn Back)

3 July 08

| STATE OF CALIFORNIA | DEPARTMENT OF CORRECTIONS |

**APPLICATION FOR RESTORATION OF CREDITS**

## INMATE COPY

Credits that have been forfeited due to disciplinary offenses occurring on or after January 1, 1983, shall be considered for restoration in accordance with Director's Rules (DR 3327). Submit this application to your counselor.

I, **Florzell Thomas Jr** (INMATE NAME), **P94157** (NUMBER), hereby make formal application for restoration of credits lost due to a finding of guilt on CDC-115, dated **11-30-06**. Log Number **06110017**.

Offense Division: ⊗A  A-2  B  C  D  E  Ⓕ  (circle one)
Number of days credit that were forfeited: **30**
I have remained disciplinary free for **395** days.

INMATE SIGNATURE       P94157  B-7-207
                        NUMBER  HOUSING UNIT

Application submitted to Counselor on: **1-22-08**
                                          DATE

## INMATE COPY

**COUNSELOR VERIFICATION:** This inmate . . .

1. Meets all the criteria for credit restoration ........ ☐
*2. Does not meet all the criteria for credit restoration ........ ☒
(Give brief explanation)

Per CCR #3327 (2)(b) & 3328 (a)(b)(c), you do not meet the criteria outlined for restoration of previously forfeited credits for the above referenced RVR. You received a subsequent RVR on 12/22/2006, which is with-in the required disciplinary free period (DFP).

* If No. 2 is checked, inmate will not be scheduled for hearing, *return form to inmate.*

§3328 (a)(b)
100%
[ibid]

INMATE COPY   John C. Bailey Jr.   4/17/2008
                COUNSELOR'S SIGNATURE    DATE
John C. Bailey, Jr., CC-1; CSP-SAC-IV-"B"-FAC-EOP

Classification Committee CDC 128 G shall state number of days restored with copy to inmate.

CDC 958 (REV. 5/87)

STATE OF CALIFORNIA											DEPARTMENT OF CORRECTIONS

**APPLICATION FOR RESTORATION OF CREDITS**

## INMATE COPY

Credits that have been forfeited due to disciplinary offenses occurring on or after January 1, 1983, shall be considered for restoration in accordance with Director's Rules (DR 3327). Submit this application to your counselor.

I, FLORZELL Thomas Jr (INMATE NAME), P94157 (NUMBER), hereby make formal application for restoration of credits lost due to a finding of guilt on CDC-115, dated 9-13-06. Log Number F106384

Offense Division: (A) A-2  B  C  (D)  E  F   (circle one)
Number of days credit that were forfeited: 90
I have remained disciplinary free for 395 days.

_____(signature)_____                                    P94157    B-7-207
INMATE SIGNATURE                                         NUMBER    HOUSING UNIT

Application submitted to Counselor on: 1-22-08
                                        DATE

---

INMATE COPY

**COUNSELOR VERIFICATION:** This inmate . . .

1. Meets all the criteria for credit restoration ............................................. ☐
*2. Does not meet all the criteria for credit restoration ................................ ☒
(Give brief explanation)

Per CCR #3327 (2)(b) & 3328 (a)(b)(c), you do not meet the criteria outlined for restoration of previously forfeited credits for the above referenced RVR. You received a subsequent RVR on 11/30/2006, which is with-in the required disciplinary free period (DFP).

.......................................................................................................
.......................................................................................................
.......................................................................................................

* If No. 2 is checked, inmate will not be scheduled for hearing, *return form to inmate.*

3328
(a) 100%
(b) [ibid]

INMATE COPY

_____(signature)_____   4/17/2008
COUNSELOR'S SIGNATURE   DATE
John C. Bailey, Jr., CC-1; CSP-SAC-IV-"B"-FAC-EOP

*Classification Committee CDC 128 G shall state number of days restored with copy to inmate.*

CDC 958 (REV. 5/87)





BUSINESS REPLY MAIL
FIRST-CLASS MAIL    PERMIT NO. 12615    WASHINGTON DC
POSTAGE WILL BE PAID BY UNITED STATES COURTS

US DISTRICT COURT
450 GOLDEN GATE AVE
PO BOX 36060
SAN FRANCISCO CA 94102-9680

NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES